IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JADE BLOSSOM,<br>Institutional ID No. 165279,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE (1-10), *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 5:17-CV-285-BQ |

## REPORT AND RECOMMENDATION

### I.   Procedural History

Pro se Plaintiff Jade Blossom filed this 42 U.S.C. § 1983 action *in forma pauperis* on October 26, 2017. ECF No. 3. Blossom alleges that two unidentified officers unlawfully arrested and detained him on two separate occasions: March 24, 2015, and December 23, 2015. *Id.* On December 11, 2017, the United States District Court transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act. ECF No. 12. To date, Blossom has not consented to proceed before the undersigned magistrate judge.

On February 21, 2018, Blossom updated his address with the court to an address in the free world. ECF No. 16. The Lubbock County Sheriff's Office subsequently notified the court that it released Blossom from custody on February 27, 2018. ECF No. 17. On March 6, 2018, the court entered an order requiring Blossom to complete and return a questionnaire within thirty days from the date of the order. ECF No. 18. The Clerk of Court mailed the order to Blossom's updated address the same day. *Id.* In the order to complete the questionnaire, the court admonished Blossom that "failure to timely return the completed Questionnaire and Declaration . . . may and

most probably will result in dismissal of his entire complaint." *Id.* As of May 9, 2018, Blossom has not returned a completed questionnaire to the court, or submitted any other type of notice or pleading. Because Blossom has not completed and returned the questionnaire in a timely manner, the undersigned recommends dismissal of this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13-CV-114-C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Blossom's Complaint without prejudice for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 9, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE